An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JACOB DISMONT AND MICHAEL
SOLID,
Petitioners,
vs.
THE HONORABLE VALERIE ADAIR,
DISTRICT JUDGE; AND THE EIGHTH
JUDICIAL DISTRICT COURT OF THE
STATE OF NEVADA, IN AND FOR THE
COUNTY OF CLARK,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 68106

FILED

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DENYING PETITION

This original petition for a writ of prohibition challenges a district court order granting the State's motion to amend the indictment against petitioners to strike a theory of liability on a charge of murder with the use of a deadly weapon.[1] Petitioners are awaiting trial on conspiracy to commit robbery, robbery, and murder with the use of a deadly weapon stemming from their alleged involvement in the death of a

---

[1]We note that a writ of prohibition is not the appropriate remedy because the district court had jurisdiction to consider the State's motion to amend the indictment. *See* NRS 34.320 (providing in relevant part that writ of prohibition "arrests the proceedings of any tribunal . . . when such proceedings are without or in excess of the jurisdiction of such tribunal"). Nevertheless, we will construe the pleading as a petition for a writ of mandamus.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29251

15-year-old boy. The State sought to amend the indictment to strike the premeditation-and-deliberation theory of first-degree murder, leaving only a felony-murder theory of liability. Over the defense's objection, the district court granted the State's motion. This writ petition followed.

Petitioners argue that striking the premeditation-and-deliberation theory substantively altered the indictment in violation of his due process rights and therefore the State had no authority to alter the indictment. However, NRS 173.095(1) "permit[s] an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The removal of a theory of liability does not alter the offense—petitioners are still charged with first-degree murder. Accordingly, the State was within its authority to strike the premeditation-and-deliberation theory alleged in the murder charge and doing so does not violate petitioners' due process rights. Further, petitioners have not demonstrated that allowing the amendment will unfairly prejudice their ability to defend against the murder charge. Because petitioners have not shown that the district court manifestly abused its discretion by allowing the State to amend the indictment, *see State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op. 84,

267 P.3d 777, 780 (2011) (defining manifest abuse of discretion and arbitrary or capricious exercise of discretion in context of mandamus), we

ORDER the petition DENIED.[2]

_____, J.
Parraguirre

_____, J.
Douglas


CHERRY, J., concurring:

I would not intervene at this time. I therefore concur.

_____, J.
Cherry


cc:  Hon. Valerie Adair, District Judge
     Christiansen Law Offices
     Special Public Defender
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]We lift the stay of the trial imposed on May 29, 2015.